Owen, J.
Section 4150 (Rev. Stats.) provides that: “ A mortgage, or conveyance intended to operate as a mortgage, of goods and chattels, which is not accompanied by immediate delivery, and followed by actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor,.unless the mortgage, or a true copy thereof, be forthwith deposited as directed in the next section.”
Section 4152 provides that: “ The officer receiving any such instrument shall indorse thereon the time of receiving it and its consecutive number,” etc. .
The plaintiff in error maintains (1) that as his mortgage was delivered to him at three o’clock P. M. and delivered to the clerk of the proper township at eleven o’clock P. M. it was “ forthwith ” deposited as required by section 4150, and (2) that this is all that was required of him to entitle him to priority of lien as against the liens of the executions.
Whether the court based their judgment upon the fact that the mortgage was not filed “ forthwith,” within the meaning of the statute, or upon the legal conclusion that its deposit with the clerk was essential to its priority over the execution liens, does not definitely appear from the record.
It is not stated as a fact, in the finding of facts, how far the clerk resided from the place of the execution of the mortgage, nor do any facts appear in the record which explain or account for the delay which intervened between its execution and deposit. For this reason, if for no other, the judgment below ought not to be disturbed. Blackister v. Potts, 2 Miles (Pa.) 389 ; Queen v. Justices, 4 Q. B. Div. 471; 3 Chitty Gen. Prac. 112.
However, we deem it most profitable to consider the question whether the filing of a chattel mortgage with the proper officer is essential to its validity as against execution creditors.
The proposition is too well established to be seriously questioned, that the filing of a chattel mortgage with the proper *382 officer is to dispense with the change of possession of the mortgaged goods. Jones Chattel Mortg. §§ 236, 237; Coles v. Clark, 3 Cush. 399. The deposit of a chattel mortgage with the proper officer, being only a substitute for the mortgagee’s possession, it follows that in the absence of such deposit, possession taken by the mortgagee before others have acquired any interest in the property, makes his mortgage lien complete. Jones Chat. Mortg. § 237; Sawyer v. Turpin, 91 U. S. 114. It is contended that a reasonable time will be allowed the mortgagee to take possession of the goods, and as the deposit with the proper officer is a substitute for change of possession, a reasonable time will be allowed to file it after its execution and delivery.
It will be seen by reference, to the statute that in the absence of the filing of the mortgage, it will be void as to creditors, &c. unless “ accompanied, by immediate delivery and followed by actual and continued change of possession.” It follows that actual delivery of the mortgaged goods is essential to the preservation of the mortgagee’s lien as against creditors who assert their rights after the execution and before the deposit of the mortgage with the proper officer.
Mr. Jones, in his treatise on chattel mortgages, section 237, says : “ The only effect of delay in recording or filing a mortgage is to render it void as against intervening purchasers or mortgagees, or creditors obtaining liens by attachment, judgment or execution. If the time within which a mortgage must be recorded or filed be not expressly provided by statute, it is sufficient that it be done at any time before possession is taken or interests or liens are- acquired by others.”
The fact that the officer with whom the mortgage is to be deposited is required to indorse upon it the exact time of its receipt, lends force to the view that the employment of the word “ forthwith ” in the statute was not intended to leave the question of priority between creditors open to controversy upon the facts of each case.
This would lead to vexatious contention and tend to promote one of the evils which the statute was designed to avert. This provision of the statute was construed in Wilson v. Les *383 lie, 20 Ohio, 161, where it was said that a mortgage of personal property is absolutely void as to other creditors of the mortgagor who assert their rights against the property after its execution and before it is deposited with the recorder or town, ship clerk. In this case the mortgage was filed seven days after its execution. Ten days after filing the goods were seized on execution. It was contended that the mortgage was void as against the executions.
Our conclusion is that a chattel mortgage is void as against execution creditors who assert their rights by levy after the execution of the mortgage and before its actual deposit with the proper officer.

Motion overruled.